THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARY R. HYDOCK, Respondent, against SIDNEY S. GREENBERG et al., Respondents, and LOUIS J. ZITO et al., Appellants.

First Department, June 7, 1948.

*George Gordon Battle* of counsel (*Battle, Levy, Fowler & Neaman,* attorneys), for appellants.

*Edward I. Cullen, Jr.* of counsel (*Cullen & Cullen,* attorneys), for relator-respondent.

*John Trubin* of counsel (*Edna Glassman* with him on the brief), for guardian ad litem of Thomas Gjersvik, infant.

VAN VOORHIS, J. This is a habeas corpus proceeding commenced by the mother of a child born out of wedlock, to recover the custody of the child, which was born on August 22, 1946. On September 1st, when the baby was ten-days old, petitioner took the child to the office of a physician, the respondent Sidney S. Greenberg, for the purpose of having it adopted out. A lawyer was present who had been consulted previously by peti-

tioner and the father of the child. Petitioner left the baby in Dr. Greenberg's office after signing the following document: " I hereby deliver my son Thomas to Dr. Greenberg to be delivered by him for adoption and I will execute the formal papers necessary and will appear before the Surrogate when required, it being understood that I am to receive the sum of $675 * * * when the adoption is completed."

On or about the same date, respondents-appellants Louis J. Zito and Rita Zito received the child and have ever since occupied the position of foster parents.

The document signed by the mother was not legally sufficient to constitute a consent to adoption under section 111 of the Domestic Relations Law. Said section provides that, although the consent of the mother of a child born out of wedlock is necessary, " The consent shall not be required of a parent who has abandoned the child or who has surrendered the child to an authorized agency for the purpose of adoption under the provisions of the social welfare law * * *." Paragraph (a) of subdivision 10 of section 371 of the latter act defines the meaning of an authorized agency, and section 113 of the Domestic Relations Law provides that " An authorized agency may consent to the adoption of a minor in its lawful custody. * * * "

In this instance Dr. Greenberg was not an authorized agency under the Social Welfare Law, with the consequence that the instrument which petitioner signed in his office failed of its intended effect.

Petitioner later underwent a change of heart and sued out a writ of habeas corpus on April 1, 1947. That proceeding is not the present one, which was instituted by writ dated April 3, 1947, and served on the respondents Greenberg and Gjersvik (the child's father) on April 18 and April 22, 1947, respectively. The identity of the foster parents, Louis J. Zito and Rita Zito, was not originally disclosed so that they were not served at once, but they appeared in the habeas corpus proceeding when they were informed of it.

A final order has been entered sustaining petitioner's writ of habeas corpus and awarding the custody of the child to her under her legal right as mother. Little testimony was taken concerning the character, reputation or living conditions either of the mother or of the foster parents.

The welfare of the child is the controlling consideration, and it is manifest that this depends to a large degree on the factors just mentioned as well as upon whether the Zitos can and do adopt this infant so as to assume the legal relationship of parent

and child. The mother evidently is unwilling to sign a further consent, but the Zitos may institute a proceeding in the Surrogate's Court for adoption pursuant to article 7 of the Domestic Relations Law, that court being empowered in its discretion to make an order of adoption provided that it shall find that the mother has abandoned the child within the meaning of section 111. This court entertains no opinion concerning whether the facts of the case are such as to warrant a finding of abandonment.

Petitioner was asked: " Would you say it is your intention to marry Mr. Gjersvik and his intention to marry you if it can be done? A. Yes, it is."

The record shows that the mother and father are of different religious denominations and it has been intimated that a religious difficulty stands in the way. Whatever be the reason, however, approximately three years have elapsed since the conception of this child, which has allowed an ample interval for marriage to have taken place if it was going to occur.

Inasmuch as the testimony in this record omits many of the factors that bear upon what is best for the future of this infant, whose custody should not be decided on mere rules or presumptions of law, it is necessary that a new trial be directed. On the new trial the court may properly inquire into the circumstances under which the consideration of $675, to be paid to the mother when the adoption is completed, was inserted in the so-called consent which she signed on or about September 1, 1946. She testified that no money had been paid to her. Other phases of the matter are veiled in obscurity. Whether the insertion of this consideration was an inducement to the mother to part with her child, may prove to be a factor bearing upon whether she is to be charged with abandonment, or upon her fitness to have custody. It also may be of importance to ascertain whether money has been paid to anyone, and, if so, what has become of it.

If upon the retrial the evidence shall be such as to indicate that the welfare of the child will best be served by awarding custody to appellants Zito provided that they are to bear the legal relationship toward the said infant of parent and child, the court should extend to said appellants a reasonable opportunity to institute in the Surrogate's Court adoption proceedings and bring them to a conclusion. In such event the entry of a final order herein may await the outcome of such adoption proceedings, during which interval the child may remain with said appellants Zito.

The order, so far as appealed from, should be reversed and the proceeding remitted to the Special Term for a new trial in accordance with this opinion. The $300 allowance to the guardian ad litem, shall be deemed to cover his services to be rendered on said retrial.

DORE, J. (concurring in result). Only in the most unusual circumstances will a mother be denied custody of her own child. Under the emotional and other stress at the time the mother did sign the document referred to, but this record establishes, in my opinion, that she has had a sincere change of heart and realizes the serious error she has made and is trying to correct it. There is nothing in the record to show abandonment or that the mother is unfit to have custody of her own child.

The Supreme Court has already taken jurisdiction in this habeas corpus proceeding, which should bar the Surrogate's Court from entertaining an adoption proceeding until a final order is made herein.

It is true the record is inadequate with regard to the surroundings and living conditions of the parties and the circumstances under which the so-called adoption was arranged by the lawyer and the doctor. Hence I concur in reversal and remitting the proceeding to Special Term to ascertain all the facts including the fitness of the parties and their respective surroundings, keeping ever in mind the mother's predominant natural and legal right to the care and custody of her own child unless she is clearly shown to be unfit.

PECK, P. J., COHN and CALLAHAN, JJ., concur with VAN VOORHIS, J.; DORE, J., concurs in result in opinion.

Order, so far as appealed from, unanimously reversed and the proceeding remitted to the Special Term for a new trial in accordance with the opinion of VAN VOORHIS, J. Settle order on notice.